# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **NATHAN BUSH, #S03639,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18−cv−02195−JPG** |
| | ) | |
| **ST. CLAIR COUNTY JAIL,** | ) | |
| **ST. CLAIR COUNTY MEDICAL** | ) | |
| **PROVIDER and** | ) | |
| **JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Nathan Bush filed this action pursuant to 42 U.S.C. § 1983 for injuries he sustained when he slipped and fell in the infirmary at St. Clair County Jail. (Doc. 1). He seeks money damages. (*Id*. at p. 7). The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the allegations in the Complaint, Plaintiff sustained a serious shoulder injury when he slipped and fell in the infirmary at St. Clair County Jail ("Jail") in September 2017. (Doc. 1, pp. 5-6). At the time, Plaintiff was recovering from an eye injury, and his eye was swollen

shut. (*Id*. at p. 5). He could not see Kool-Aid that two inmates spilled on the floor during a fight.[1] Plaintiff slipped and fell onto his left shoulder and head. He lost consciousness. Officer Funk and Sergeant Nichols[2] moved him into an interview room and left him unattended for at least an hour after the fall. He was then taken to the infirmary for x-rays. Approximately three days later, he was sent to a rehabilitation facility and then released into his mother's custody. Plaintiff sought treatment for his shoulder injury at Belleville Memorial Hospital. He was diagnosed with a separated left clavicle that required surgical repair. (*Id*. at p. 6). When Plaintiff's probation officer contacted the Jail to request copies of his x-rays, "they" said no records existed. Plaintiff claims that the Jail's doctor should have known about his shoulder separation. (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

**Count 1:** Defendant(s) subjected Plaintiff to unconstitutional conditions of confinement in the Jail's infirmary in September 2017.

**Count 2:** Defendant(s) denied Plaintiff adequate medical care for the shoulder injury he sustained in the Jail's infirmary in September 2017.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

Plaintiff brings claims against the "Jail," "Medical Provider," and "Doctor John Doe" for

---

[1] Plaintiff alleges that one of these inmates targeted him for bullying and harassment. (Doc. 1, pp. 5-6). However, he does not bring a claim against the defendants for failing to protect him from the "bully" or indicate that he was involved in the fight. (*Id*.).

[2] Neither individual is named as a defendant in the case caption. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption").

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

their failure to ensure safe conditions of confinement and provide him with adequate medical care at the Jail. As explained below, Plaintiff cannot proceed with these claims against the defendants. The Complaint shall be dismissed without prejudice and with leave to amend.

The Jail is not a "person" subject to suit under Section 1983. Pursuant to Federal Rule of Civil Procedure 17, a defendant must have the legal capacity to be sued. *See* FED. R. CIV. P. 17(b). When determining whether an entity has this capacity, federal courts look to state law. *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992). The county jail is not considered a suable entity under Illinois law. *Isaacs v. St. Clair Cnty. Jail*, No. 08-0417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). Accordingly, the Jail shall be dismissed with prejudice.

Even if Plaintiff intended to name St. Clair County instead of the Jail, the Complaint still fails to state a claim upon which relief may be granted against it. Governmental entities can only be held liable for the unconstitutional acts of employees that are carried out pursuant to an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The Complaint refers to no policy or custom that caused Plaintiff's injury. *See id.*; *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); FED. R. CIV. P. 8(a)(2). Therefore, any claims against St. Clair County should be considered dismissed without prejudice.

The Medical Provider is also not a "person" subject to a Section 1983 suit. This term appears to represent a medical corporation, a group of individuals, or both. The Court cannot discern which. Although it is acceptable to use generic designations for unknown defendants (*e.g.*, "John Doe" or "Jane Doe"), Plaintiff must be more specific when designating a defendant in the case caption and throughout the Complaint. This is because Plaintiffs are required to associate specific defendants with each claim, so the defendants are put on notice of the claims brought

against them and can properly answer the complaint. *Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a specific defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him or her. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The Medical Provider is far too nebulous a designation for a defendant and is not mentioned in the statement of claim. This defendant shall be dismissed with prejudice from this action.

Finally, the allegations articulate no plausible claim against Doctor John Doe. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Plaintiff briefly refers to Doctor Doe at the end of his statement of claim, alleging only that the doctor "should of known" that the x-rays revealed a separated shoulder. (Doc. 1, pp. 5-6). No allegations suggest that the doctor was present or involved in any diagnosis or treatment decisions on the weekend in question. (*Id.*). Absent any allegations to this effect, the claims against this defendant cannot proceed and are dismissed without prejudice for failure to state a claim.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. A district court faced with a request for counsel must consider whether an indigent plaintiff made reasonable attempts to obtain counsel and, if so, whether the plaintiff appears competent to litigate the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff describes letters he sent to attorneys seeking representation, and he provides copies of two responses. (Doc. 3, pp. 4-5). He has demonstrated some efforts to locate counsel. Plaintiff nevertheless appears competent to litigate this matter. The case focuses on two claims arising from the conditions of Plaintiff's

confinement at St. Clair County Jail. Both claims arose during the same short time period and involve few defendants. Plaintiff demonstrates knowledge of key events, defendants, and witnesses. To date, he has prepared coherent pleadings and appears capable of responding to motions. Plaintiff identifies no other impediments to *pro se* litigation, such as language, education, medical, or mental health barriers. Given this, the Court declines to recruit counsel at this time.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint (**COUNTS 1** and **2**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **March 20, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 18-cv-02195-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 2/20/2019**

**s/J. Phil Gilbert**
**J. PHIL GILBERT**
**United States District Judge**