## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHAN BUSH, #S03639, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ST. CLAIR COUNTY JAIL, )<br>ST. CLAIR COUNTY MEDICAL )<br>PROVIDER and )<br>JOHN DOE, )<br>)<br>Defendants. ) | Case No. 18−cv−02195−JPG |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Nathan Bush filed this civil rights action pursuant to 42 U.S.C. § 1983 for injuries he sustained when he slipped and fell in the infirmary at St. Clair County Jail. (Doc. 1). He requested money damages from the Jail and its medical providers. (*Id*. at p. 7). The Complaint did not survive preliminary review under 28 U.S.C. § 1915A, and it was dismissed on February 20, 2019. (Doc. 7) ("Order Dismissing Complaint").

Plaintiff was granted leave to file a First Amended Complaint on or before March 20, 2019. (Doc. 7, p. 5). He was warned that the action would be dismissed with prejudice, if he failed to file the First Amended Complaint consistent with the deadline and instructions set forth in the Order Dismissing Complaint. (Doc. 7, p. 5) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)). Plaintiff was also warned that he would incur a "strike" under 28 U.S.C. § 1915(g). (Doc. 7, p. 5). Finally, he was reminded of his continuing obligation to advise the Court, in writing, of any changes in his address:

1

> Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* FED. R. CIV. P. 41(b).

(Doc. 7, p. 6) (emphasis added). This was not the first time that Plaintiff was warned that failure to timely notify the Court of any address change may result in dismissal of the action. (*See also* Doc. 4) ("Finally, you are advised that if your address changes, you must notify the Court within seven days of the change by filing a Notice of Change of Address. Failure to do so could result in the dismissal of your case.").

Plaintiff missed the deadline for filing the First Amended Complaint on March 20, 2019. At least a week has passed since the deadline expired, and he has not requested an extension. In fact, the Court has received no communication from Plaintiff since January 14, 2019. (Doc. 6). The Order Dismissing Complaint was returned to the Court undelivered on March 12, 2019, and Plaintiff has provided the Court with no updated address. (Doc. 8).

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Order Dismissing Complaint (Doc. 7) by filing a First Amended Complaint on or before March 20, 2019. *See* FED. R. CIV. P. 41(b). The action shall also be dismissed based on Plaintiff's failure to prosecute his claims by updating his address. (Docs. 4 and 7). The dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with the Court's Orders (Docs. 4 and 7) to file a First Amended Complaint and to update his address or prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 3/29/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**